Good morning, everyone, and happy Valentine's Day. Before we begin, Judge Callahan and I would like to once again welcome and thank Judge Murphy from the Eastern District of Michigan, who's sitting with us this week. Welcome and thank you, Judge Murphy. Thank you very much for having me. Thank you. The cases will be called in the order listed on the docket. The first two cases, Clark v. Perfect Bar and JM v. Oakland Unified School District, have been submitted on the docket. The first case on calendar for argument is Edwards v. Alameda-Contra Costa Transit District. Will counsel for appellant please approach and proceed? Good morning, counsel. Good morning. And may it please the court, my name is Nyeo Benjamin, appearing for the appellant in the matter, and I'd like to reserve three minutes for rebuttal. Okay, counsel, please be reminded that the time showing is your total time remaining. Thank you. All right. May I proceed? Please. Today's being Valentine's Day, and appreciating some time ago that today would be the hearing date for our oral argument, I've thought several times about whether it made sense to spend this day arguing about $807. And I've come to the answer many times after thinking about this that I absolutely have to be here to discuss this because of the nature of this case and the reasons for the sanctions. At the end of the day, what I'll be asking the court to do is not only take a position as it relates to the bench and the robe and the person sitting in the robe on the bench and what their responsibilities are to attorneys that appear in the courtroom, but also for attorneys to be clear as to whether their conduct rises to the level of being sanctioned over what at best should be seen as uninformed or inexcusable neglect. In this particular situation, the core issue is that the court issued a CMC, a case management conference, months after a case had been closed, the case had been tried, and the parties had not been before that court for months. That our office was unaware of the CMC. Our office did not appear to CMC. So counsel, are you saying that you were not noticed with this case conference? No, the judge didn't notice you in any way. The court issued a standard ECF notification. So if it's an ECF is directed to the attorneys electronically that are interested or should be interested in the matter. So that's correct. And so that means that you elected not to open the email or what happened after that? That's a great question. So there were several ECF notifications that are being issued after the case had actually been tried and judgment had been entered. And all of those ECF notifications related to the proceedings that related to the post-judgment proceedings. In each of those notifications, it said, warning, case closed. I think it even has a statement that said, warning, case closed. So when you look at that matter, you understand that that case is closed. You're not participating in those proceedings. You have no expectation that you're going to be called to appear in those proceedings. You haven't appeared before this court since the last day in trial. So yes, there are notifications that come in. But for calendaring purposes, our office did not see that below, further down below, where it said, warning, case closed. So you're saying if your office gets a notice, you don't read the content of it? We typically read the content for active matters. I think that's our standard. For a matter that has been closed for months and for which we are no longer participating in anything going on in that courtroom, we would notice that an ECF notification came in, but there was no practice of continuing to scroll down through the bottom of the ECF to see what the ECF notification was, because we were already told the case was closed. We had no dealings in that courtroom. We had no activity in that courtroom. And so there would be nothing to withdraw, correct? That's correct. All right. And I'm just going to sort of cut to it from the standpoint that, and it appears that you and the judge might have issues with each other. I think that's probably fairly stated. From looking at, you worked together previously, there's just sort of a... So I can see an element here of, well, the judge apparently didn't find your explanation credible. That's correct. And perhaps that's because of past dealings that the two of you have had or any number of things. But so it seems like we've got a couple of people here really digging in their heels, and this could have been, you know, you could have said, okay, I didn't file a motion to withdraw, but my client, I filed, you filed the notice of appeal, I guess. And then your understanding of it was, hey, I represent, you came in sort of towards the end, did the trial, then said, I'll file your notice of appeal, go off and you, if you want to get someone else to handle your appeal, do that. But there's another state proceeding that you're still representing the person in? Separate matter, yes, Your Honor. All right. And so it's not totally unreasonable that the judge would have thought, well, you're having some, you know, that this person didn't know about, you know, that they were going for, you know, costs and attorneys or fees against him. And so, I mean, you can sort of look at it and say, hey, these guys don't really like each other. And you're standing on the fact like, hey, I'm done. The client knows that I'm done. That's his problem or whatever. But you, you know, but your office is getting notices and maybe it just could have been straightened out, but you both dug in. Actually, everything that Your Honor's summarizing has truth to it, except for that last part. We didn't know about the CMC. It wasn't a disregard of it in the sense that it was set and we were taken to position, you can't order us to come into court. We just didn't know. And it wasn't until after the court then contacted our office and said, you need to be in court for, I think he maybe had opposing counsel to do it. Then we said, well, what CMC? Looked it up, saw that it had been set, and then said, no problem, we'll be in court and we'll address these issues. And that's essentially what we did is we said, Your Honor, we didn't know about it. Here we are. What can we do to answer the court's questions? Here's why we are here today. And instead of it being an notified the case has been closed, we haven't been in this courtroom for months. We aren't a part of any of these proceedings. We simply didn't know. We apologize because there's certainly attorneys that miss court dates in active matters. And that's not the remedy to sanction them for $807. In this case, it's not an active matter and we didn't know. So we acknowledge that. What Your Honor just pointed out is the reason why we were sanctioned because of the way the court felt about the attorney. Well, we didn't make a finding of bad faith. I'm sorry, Your Honor, could you repeat that? He did not make a finding of bad faith. Correct. So let's say that's necessary. Correct. Then it would go back. And I think you tried to disqualify this judge before you started the trial too. We absolutely did. So... And because it's sanctions, this judge would be the one that would be appropriate to determine whether it was in bad faith or not. Do you think you have a chance to not be in bad faith? I know with certainty that based on the bad faith standard and based on what we're even discussing here today, there's simply no evidence of bad faith. So will the judge follow the law? I would like to think so. But can I say with certainty how the judge will deal with it? I can't and I won't offer an opinion on that. But I can say that there's certainly no evidence to support a finding of bad faith when the facts show that we've been at every courtroom, we've been at every court date, we've never been late, we simply didn't know we were asked to come back to court several months after the case had been closed. And when we learned we needed to come to court, we came. Counsel, one of our cases, Evan versus Law Offices of Sidney Mickle, are you familiar with that case, Evan? I am not. It appears to say that the district court may levy sanctions if there's a finding of bad faith or for willful violation of a court order. Why wouldn't this be willful violation of a court order that wouldn't require a finding of bad faith? For the same reasons that we just discussed in terms of the facts that led to the understanding that we were supposed to be in court. Had no knowledge. I mean, zero knowledge. There wasn't a... The mistake here is not seeing the ECF notice that said CMC has been set. Willful has to have some degree of awareness, and then you can be mistaken in the choice you make. But there has to be some degree of mens re as it relates to the activity. Here, there was absolutely no knowledge of the need to be in court, and we expressed that. And it would be okay if the court simply said, Mr. Benjamin, I think you're a terrible lawyer, and there's no way you should have failed to know that, but I can't prove that you didn't know it. Then you don't have a basis to sanction. So what the district court found was that your explanation was not credible, particularly because you never filed a motion to withdraw as counsel. Understood. Would that summarize the district court findings? I think that does. All right, Counselor, did you want to save your remaining time for rebuttal? I have 30 seconds left. We'll give you a minute. I'll take the one thing, which is that both of my colleagues have, I think, analyzed the case very well, and you seem like an honest person and a good advocate. And I know lawyers tend to work hard and be aggressive, and judges can get stressed out, but I, in the future, if people cool down, file a notice of withdrawal, I might be able to avoid having you to come on an $800 case in front of the Ninth Circuit, and maybe the judge can be a little more patient as well, and we'll get through these things better. I appreciate that, Your Honor, and I accept that. All right. All right. Thank you, Counselor. Thank you. I have a question for you. Good morning. Good morning. Good morning. How are you? Present on behalf of the appellees. Yeah. Yes, Your Honor. Judge Rawlinson cited Evan, and my question to you is, did the judge... Okay, there's no question the judge didn't make any fine out of bad faith before levying the sanction. I've got the order here in front of me, but the question is, doesn't the judge have to say to Mr. Benjamin, either I'm finding bad faith or... He can't just issue an order willy nilly under 1927 and the inherent powers of the court. He can't just say, you acted in bad faith and willfully, with absolutely no evidence of it, I'm fining you $800. There's got to be some sort of process here before you issue an order like this. Yes. Actually, the judge did cite every single act of misconduct that he found, and under Fink, you don't have to use the words, you acted in bad faith. The court can look to the totality and determine that the conduct or the misconduct or acts or omissions were in fact tantamount to bad faith. So where in Fink specifically does, or any Ninth Circuit case, does it state that the district court need not make a specific finding of bad faith before issuing sanctions under its inherent power? I don't see that exactly in Fink. I believe we cited that in our brief, and it says, I also believe that Fink says the court must make a finding of bad faith or a finding of circumstances tantamount to bad faith. So I didn't interpret that as to say that the court has to say you acted in bad faith. But looking at the court's order, the sanctioning order, he lists, these are the things that he listed. Appellant failed to follow court orders, Mr. Benjamin. He failed to keep his client adequately informed of post-trial proceedings. He did not respond to the motion to garnish his client's wages. He disobeyed court order for him and his client to appear at the CMC. He failed to tell his client he needed to appear. That's all past behavior prior to the failure to file a motion withdrawal. Pioro says in 1986, a finding of bad faith is usually necessary to support an award of attorney's fees under 1927. Primus Auto Financial Service v. Batarseh was 1997, which says the court must make an explicit quote, the court must make an explicit finding that counsel's conduct constituted or was tantamount to bad faith, citing Roadway Express, which is a Supreme Court case from 1980. So unless those cases have been overruled, it seems to me the judge has to explicitly find that what Mr. Benjamin did in failing to withdraw constituted bad faith, and I don't see that here. Well, that would be under the inherent power aspect, and the sanctioning order cited both Section 1927, which requires a finding of recklessness and a multiplication of the proceedings. But the problem is, there is no finding. A listing of the acts does not constitute a finding. What language are you relying upon to say that there was a finding of either willful disobedience of a court order or bad faith? What language specifically encapsulates those? Well, you mean in the sanctioning order? Correct. Well, I read the first five items. That's a listing of the acts. And then he summed it up by saying that Mr. Benjamin's explanation was not credible. And I just need to, if I could. How would he know that? How would the judge know that? Well, first of all, because his client was present, Mr. Edwards was present at the OSC hearing and told him, I never heard anything about the garnishment proceedings. He never told me anything. Wait a minute. Post failure to withdraw? Correct. My understanding was the client nor the counsel showed up for the ordered hearing. Neither one showed up. Let me just backtrack a little bit. So how would, how would the judge know at that hearing without further findings questioning evidentiary matters that Mr. Benjamin was not credible? Because, well, let me backtrack. In fact, I'd like to, if I could, backtrack to the initial document that Mr. Benjamin is relying on, where he says he got the electronic notification, as did my office, saying the case was closed. On the same page, in that same notification, just two lines below, there's, in full caps, it says bill of costs, and it says, it sets the deadlines for objections to the bill of costs. So, obviously, there are two communications in this same document. One is that the substantive case is closed, and basic, and the date that the case was closed was the date the judgment was entered. And then it notifies that there are still other proceedings happening, which is usually what happens after judgment is entered. That's when the costs are dealt with. They never are dealt with before judgment. And so he's already on notice that costs are going to be filed. And he doesn't respond. He doesn't object. Well, it's, from my experience, particularly in criminal cases, it's not, it's not unheard of that lawyers will, they'll represent them at trial, they'll fire their own notice of appeal. And then they say, hey, you're on your own from here. I put, you know, you're not, the court's not going to lose jurisdiction, but I'm not going to represent you on appeal. That is not, that's something that's not unheard of to me. But, but you argue, I think, in your brief, that the evidence of the district court's alleged bias against Mr. Benjamin is irrelevant to our review of the sanctions orders. And why would that be? Well, because. I mean, they don't, they clearly, it's not unlike watching two stallions fighting it out, or whatever, in that they clearly don't, I don't know what, they both work together. I don't know. There's past dealings. He tried to disqualify the judge previously, and that was denied. Judges aren't supposed to take that personally, but it's, you know, when, and you have to argue that there isn't a finding of bad faith in all of that. Why isn't this bad blood relevant to that? Well, first of all, I think if he thought that there was bias involved in the substantive portion of the case through trial, he filed a notice of appeal on behalf of the same client, Mr. Edwards, and he used the time to take up any problems with bias, and then the case did close. He filed a notice of appeal. He didn't pursue it. But then there was still the post. Well, but are you saying just because you represent someone at trial, you have to represent them on appeal? You don't. It's a separate, it's whatever your agreement is. You don't have to, but Mr. Benjamin did. He filed a notice of appeal. Well, filing a notice of appeal, what I am saying is not uncommon in practice, and then tell people, go get a lawyer to handle the appeal. Yes, I would agree, typically, except not only did he file a notice of appeal, he was still pursuing a state court action with the same client, with the same, my law firm was involved, and still is involved, and so the assumption was, because they were still having contact, was he's still I think you're an excellent appellate lawyer. I don't know much about your practice, but I think you're very persuasive here today. What I don't understand is why your client has a position in this. This seems to be something that's entirely between Mr. Benjamin, his client, and the district court, and why the Alameda County Transit Agency has a strong position in this is beyond me. This behavior all occurred after the judgment was lodged, the appeal was taken. I don't quite understand what Were the costs awarded to you? Pardon? Were these costs awarded to you? Yes, yes, and we haven't collected, but I did want to make one other point. But you didn't answer the question. Why are you so intent on defending the judge, and what does that really have to do with your client? You won, right? You got your fees, and why do you care? I wish we didn't have to respond. We felt that because there was an appeal made that we had to respond to it, and that we couldn't just ignore it. It's not appeal of your fees, right? No, no. It's just appeal. It's between whether he should be sanctioned or not. But the sanctions will go to you. The amount will go to you. Correct. Yes, it was for the time that we spent for the extra hearing, but the one other point I wanted to make was, and that has never been explained by Mr. Benjamin, is that in addition to all the electronic filings that he received that he felt he didn't have to respond to, he also got an email from my former colleague, Ms. Brown, who said to him, and this was in July of 2018, she said, you know, we knew that he hadn't contested the costs. The costs were significant. They were over $17,000, and she sent an email to Mr. Benjamin saying, we want to know if Mr. Edwards would like to work out some sort of a payment schedule before we have to go in. But the judge didn't mention any of this in his order. No, but I'm saying this because it could have avoided all of the garnishment proceedings. It could have. This, in fact, did multiply proceedings more than it had to be because he didn't tell Mr. Edwards that we made an offer. But the judge didn't make a finding of any of that, and that's part of the difficulty. Just listing all of these things to me, and I'm not speaking for anyone else, without saying that this, as a result, I'm finding that it was willful or that there was bad faith, to me, it's left hanging without the conclusion of what these acts are. He said that he didn't advise him. He failed to respond to the motion to garnish his because the client didn't know, and the client said when he was, he and Mr. Benjamin were ordered to come to the OSC hearing, he told the court, he said, I didn't know anything about the garnishment. Okay, so what if he's completely incompetent, let's just for the moment, that he's just an ignoramus, a boob, completely incompetent. Is that willful or bad faith? Let's say if you look at all those things and you say, yeah, he should have done all of those things, but the reason that he didn't do all of those things has to be that he willfully, or he did, or it was bad faith conduct, not that he is negligent, incompetent, or would you agree, under the sanctions? Well, I think at a certain point, your incompetence becomes inexcusable and it is bad faith. Well, if the judge had said that, perhaps, but he didn't. There are people that are actually really incompetent that don't have a bad faith bone in their body. That doesn't really justify the incompetence. But the problem with anything like sanctions, contempt, or whatever, they're very specific, and sometimes they're, and they're very exacting, and sometimes when people really don't like each other, they don't make the findings that they need to make. Counsel, do you think it would be fruitful at all for us to send this case to our mediators for mediation? I don't think it's worth spending further time on it, frankly. Well, we've spent some time here today. Yes, we have, we have. And if I could just say one more thing. And we actually spent some time before we came here, reading all of your briefs and preparing and reading all the law. I'm sure a lot of time has gone into this already. I agree. And frankly, I think it would have been easier for Mr. Benjamin just to, you know, pay the sanction. No, but that's up to some moment to an attorney. It's easier when people plead guilty or take responsibility for their actions, too, but there's a lot of trials where people don't do that. And there are consequences to that. For instance, if he were ever to want to become a federal judge, that would be a mark against him, that he's been sanctioned. So it's a serious matter for an attorney to have sanctions imposed upon him. I understand. And I don't mean to make light of it, but I do want to say that the court, the district court did cite both Section 1927, which doesn't have as stringent a standard as the 1927. There should be some, regardless of whether it's the inherent power or 1927, there should be some indication of willfulness or bad faith or vexatiousness or some kind of indication of the conclusion that the court has reached regarding the manner in which these activities were undertaken. Well, the reason that I think that the e-mail, which is not an electronic filing, but it was from one attorney to another saying, we'd like to work something out. Bex didn't rely on that. Well, but he did because I think he... Barnd, 664 F. 2nd, 1343 says, 1927 justifies sanctions on attorneys who, one, intentionally commit misconduct, two, are assessing the $805, didn't have any of those findings. Well... It just didn't. I will then submit. But I do, the reason I keep coming back to that is that Mr. Benjamin was then on notice that there were proceedings in the court. So the fact that he continued to ignore electronic filings, I think... The judge had said that. It would be an easier case. All right. Thank you, counsel. Thank you. Thank you. Rebottle. Thank you. Very briefly. I just want to make clear for the record, our relationship with Mr. Edwards would be substantially frayed if we had failed to inform him of what was going on. We would not still be his lawyers in this matter. We are still his lawyers in this separate state court matter. Did he represent to the court that he didn't know what was going on? I think that in answering a question presented to him as it related to the opportunity to have cost waived in lieu... In exchange for dismissing an appeal, he said he was unaware of that offer being on the table. And I will submit that there were misrepresentations to the court as it relates to that communication. But I didn't get into that because the court basically made me stand silent. And so I didn't want to... And in fact, the court made me sit down while he spoke to Mr. Edwards as if I wasn't present and didn't have a voice. And I just let that happen. So I say here, I just want to be clear for the record, we did not fail to execute our duties to inform Mr. Edwards of what was going on. But we couldn't get into it in court there, of course, because there's attorney-client privilege. We don't know that either. We're not going to have an evidentiary hearing here. But I think you may be with this judge again. And I think instead of doubling down, or I think it might be, you know, made a mistake. I'm sorry. And I think that's kind of where I'm at. And that's what we briefed. If we remand this case, right back where you started, you're still in front of the same judge. You still have his inclination to sanction you. And so what do you imagine will happen there? Because you're back to square one. It's the best you can get here. Here's what I hope happens. Because I can tell you what I imagine, but here's what I hope. And I'll quote from what these courts have said, both the Ninth Circuit, Second Circuit, et cetera, and it's briefed on our briefs, pages 24 and 25. A troublesome aspect of a trial court's power to impose sanctions, either as a result of a finding of contempt, pursuant to the court's inherent power, or under a variety of rules, such as Federal Rule of Civil Procedure 11 and 37, is that the trial court may act as accuser, fact finder, and sentencing judge, not subject to restrictions of any procedural code, and at times not limited by any rule of law governing the severity of sanctions that may be imposed. The absence of limitations in procedures can lead to unfairness and abuse. All right. You don't have to be a rocket scientist, either, to realize that if a judge tells you you need to look at these things in the future and you still continue to take this position, you know, that, you know, a lot of, it's sort of like the person that argues with the officer when they might have gotten a warning and they continue to stand on their rights and I did nothing wrong, and even though I wasn't as much over, and then they get the ticket. And then I would see them in court all the time. So just... Lesson learned in our office will certainly handle any case closed in the future much differently, but I just wanted to at least address that issue.
judges: Rawlinson, Callahan, S.murphyiii